**\*Not for Publication**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ─────────────────────── : | | |
| STEPHEN PETERSON, : | | Civil Action No. 08-3452(FLW) |
| Plaintiff, : | | |
| v. : | | **OPINION** |
| : | | |
| CITY OF LONG BRANCH, NEW JERSEY : | | |
| FIREMEN'S MUTUAL BENEVOLENT : | | |
| ASSOCIATION, LOCAL NO. 68, <u>et al.</u>, : | | |
| : | | |
| Defendants. : | | |
| ─────────────────────── : | | |

<u>**WOLFSON, District Judge**</u>:

Presently before the Court are two separate motions to dismiss Plaintiff Stephen Peterson's ("Plaintiff") Complaint filed by defendants the New Jersey State Fireman's Mutual Benevolent Association, Local 68 (the "FMBA") and the City of Long Branch, New Jersey, Mayor Adam Schneider, Business Administrator Howard Wooley, Fire Chief John Sambrano, and Director William Richards (the "City")(collectively, "Defendants"). The instant Complaint ("the Current Complaint") is Plaintiff's third attempt to bring substantially similar causes of action before a court. He previously filed comparable lawsuits with the Superior Court of New Jersey and pursued an administrative remedy by filing unfair practice charges with the New Jersey Public Employment Relations Commission ("PERC"). In the Current Complaint, Plaintiff avers, albeit confusingly, that: 1) his employment with the City was governed by a Collective Bargaining Agreement ("CBA") and that the City breached the contract by failing to

1

pay Plaintiff accrued time to which he claims he is entitled under the CBA; 2) he was a member of the FMBA and that the FMBA failed in its duty to represent his grievances against the City; 3) he was wrongfully terminated; 4) Defendants conspired to deprive him of his employment and benefits under Color of Law, in violation of 42 U.S.C.A. § 1983; 5) Defendants violated his rights under Title VII, the 1964 Civil Rights Act; 6) Defendants failed to make accommodations for his disability, in violation of New Jersey's Law Against Discrimination ("LAD"); and 7) Defendants discriminated against him based on his age, in violation of § 29 U.S.C. 621-634. Plaintiff seeks compensatory and punitive damages, re-employment, and attorney's fees and costs. In the instant motions, Defendants move to dismiss on the grounds of res judicata, collateral estoppel, the entire controversy doctrine, lack of subject matter jurisdiction and failure to state a claim upon which relief can be based. For the reasons more fully set forth below, Plaintiff's claims against the FMBA are dismissed with prejudice as are Plaintiff's breach of contract, conspiracy and retaliatory termination claims against the City. The claims in Counts II through VI against the City are dismissed without prejudice.

## BACKGROUND

Plaintiff's Current Complaint is scant on facts and procedural history. Thus, for the purposes of these motions the Court will also refer to the public record and exhibits Plaintiff references in his Current Complaint.[1]

In April 2000, Plaintiff was hired as a fireman for the City. As a firefighter, he was required to join the FMBA. (Complaint ("Compl."), Count 1, ¶¶ 1, 2.) Members of the FMBA are subject to the provisions set forth in the FMBA's Constitution. (See New Jersey State Fireman's Mutual Benevolent Association Constitution and By-Laws, Constitution Preamble, ¶

---

[1] "To decide a motion to dismiss, a court generally should consider 'only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" Berry v. Klem, 283 Fed. Appx. 1, 3 (3d Cir. Pa. 2008).

4.)  Article 6 of the Constitution provides an internal mechanism for union members to bring charges or complaints against the FMBA.  In addition, Plaintiff's employment was governed by a Collective Bargaining Agreement ("CBA") between the City and the FMBA.

On December 31, 2003, Plaintiff fell off a fire truck and suffered debilitating injuries which are now permanent.  (Compl., Count 1, ¶ 4.)  The City did not acknowledge the injury as compensable.  Plaintiff hired a Workman's Compensation attorney, filed suit against the City and eventually prevailed at trial.  Plaintiff also filed a grievance with the FMBA because he was not receiving the sick days, vacations days and other days to which he claims he is entitled under the CBA.  (Compl., Count 1, ¶ 9.)  On March 7, 2005, the FMBA filed a formal grievance with the City on Plaintiff's behalf.  (See Letter from FMBA Local 68 President dated March 7, 2005.) About one month later, the City notified the FMBA that Plaintiff had hired an attorney and that once Plaintiff complied with the City's demand for medical records, a determination would be made whether his unpaid medical bills were related to the December 31, 2003 accident.  (See Interoffice Memo from Mayor's Office to FMBA President dated April 11, 2005.)   In July 2005, the FMBA notified Plaintiff that it would not arbitrate the grievance because Plaintiff was represented by counsel.  (Certification of Stephen Peterson, ¶ 14; PERC Decision issued December 20, 2007, p. 2.)  The FMBA took no further action on Plaintiff's behalf regarding his dispute with the City.  (Compl., Count 1, ¶ 9.)

On June 6, 2006, Plaintiff filed an action against the City and the FMBA in the Superior Court of New Jersey, Monmouth County (the "Initial Complaint").[2]   (See generally Compl. dated June 6, 2006.)   In Count One, Plaintiff alleged that the City and the FMBA were parties to a CBA that governed the terms of union members' employment, that under the CBA Plaintiff

---

[2] In his brief, Plaintiff incorrectly cites the Docket No. of the New Jersey Superior Court, Law Division action as C-000036-07.  The correct Docket number is MON-L-2573-06.

was entitled to full pay for one year and that the City violated the CBA by deducting sick days, vacation time and any other time to which Plaintiff was legally entitled.   Count Two charged that the FMBA failed in its duty to represent him.   Specifically, Plaintiff complained that the FMBA did not file a grievance with the City on his behalf for eighteen months, failed to take any further affirmative action against the City after filing the grievance, and neglected to follow up on his complaints with the City.  Both the City and the FMBA filed motions to dismiss the Initial Complaint.

On October 20, 2006, Superior Court Judge John T. Mullaney, Jr. granted the City's motion, dismissing Count One for failure to state a claim based upon the fact that Plaintiff failed to follow the grievance procedure set forth in the CBA.  (Order dismissing Plaintiff's Complaint against the City dated October 20, 2006.)  However, it is unclear from the record whether Judge Mullaney dismissed the claims against the City with or without prejudice.   Nevertheless, he granted the FMBA's motion, dismissing Count Two with prejudice for failure to exhaust internal union remedies, lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  (Order dismissing Plaintiff's Complaint against the FMBA dated October 20, 2006.)  The allegations in the Initial Complaint that were dismissed are also contained in the Current Complaint.

Plaintiff did not timely appeal Judge Mullaney's decision.   (See Transcript of Oral Argument on Defendants' Motion to Dismiss dated May 24, 2007 ("Transcript"), T7:21-22.) Instead, he filed a new complaint in the Chancery Division of the Superior Court of New Jersey on January 30, 2007 (the "Second Complaint").  (See generally Second Complaint dated Jan. 30, 2007.)

Except for a few minor differences, the Second Complaint contained the same facts and allegations as the Initial Complaint.  Count One alleged the FMBA failed in its duty to represent

4

Plaintiff against the City but sought specific performance.  In addition to the charges contained in the Initial Complaint, Count Two of the Second Complaint alleged a conspiracy between the City and the FMBA to deny Plaintiff the benefits to which he claims he is entitled.  Again, Plaintiff did not assert in his Second Complaint that he had exhausted his internal union remedies as required by the union's Constitution and the CBA.  Both the FMBA and the City filed motions to dismiss. On May 24, 2007, Judge Lehrer, J.S.C. granted Defendants' motions dismissing Plaintiff's Second Complaint without prejudice for failure to exhaust his internal union remedies, lack of subject matter jurisdiction, and failure to state a claim.  He noted that both the Initial Complaint and the Second Complaint involved the same facts and transactions and that Plaintiff could have sought specific performance and brought his conspiracy charge in his Initial Complaint. (Transcript, T16:12-20.)   Judge Lehrer pointed out to Plaintiff that "the New Jersey Employment Relations Act (citation omitted) granted PERC exclusive power and jurisdiction to prevent a[nd] remedy unfair labor practices" and that PERC was the proper medium for his grievance as it afforded individuals "a complete court-like forum to resolve the merits of the unfair labor practice." ( Id., T17-18.)  Despite the lack of merit in his successive complaint, Judge Lehrer did not impose sanctions on counsel or Plaintiff, nor did he prohibit Plaintiff from returning to the Superior Court.  Instead the judge demonstrated benevolence towards Plaintiff's attorney as this was his last case before retiring.   (Id., T9:16-21; T15:18-25; T19:4-10.)

At about the same time, it appears that the City terminated Plaintiff for excessive absenteeism and inability to perform his duties.  (See Preliminary Notice of Disciplinary Action dated February 9, 2007.)  At Plaintiff's request, a disciplinary hearing was held on April 26, 2007; the charges were sustained and Plaintiff was terminated.  (Compl. Count 1, ¶ 14; Final administrative determination of the Director of Merit Systems Practices, State of New Jersey

Department of Personnel ("the Director") dated July 24, 2007.)  He was apparently removed from his position due to the fact he had not reported for duty since April 12, 2004, could no longer fight fires and could only sit or stand for minimal periods, among other things.  A Final Notice of Disciplinary Action was issued on May 11, 2007.  Plaintiff requested a hearing from the State of New Jersey Department of Personnel ("DOP") on the matter.  While he waited for a decision from the DOP, on June 25, 2007 Plaintiff appealed his termination to the Superior Court of New Jersey, Appellate Division.  The Appellate Court dismissed the appeal as interlocutory. (Order on Motion dated July 18, 2007.)  On July 17, 2007, the Director denied Plaintiff's request for a hearing due to Plaintiff's failure to timely file his appeal.  (Director's hearing denial dated July 17, 2007.)  On August 21, 2007, Plaintiff filed a new appeal with the Appellate Division of the Superior Court of New Jersey.  (Notice of Appeal dated August 21, 2007.)  He then filed motions to supplement the record and for a temporary remand to the Law Division.  (Order on Motion dated November 5, 2007.)  On November 5, 2007, Plaintiff's motions were denied. By letter dated April 29, 2008, Plaintiff advised the Appellate Division that he was "withdrawing the appeal and not taking any further action." (Letter from Edward Testino dated April 29, 2008.)

At the same time that Plaintiff asked for a hearing on his termination, he filed an unfair practice charge against the City and the FMBA with the DOP.  (Unfair Practice Charge dated June 12, 2007.)  In his Unfair Practice Charge, Plaintiff alleged that the City violated the CBA by taking away his sick days and vacation time, that the City and the FMBA had conspired to deny him benefits, and that the FMBA had failed in its duty to represent him. On June 26, 2007, Plaintiff amended his unfair practice charge to include his termination and alleged that the unfair practices were continuous from the date of his disability.  (Unfair Practice Charge Amendment dated June 26, 2007.)

6

Unfair practice charges must be filed within six months of the date that the unfair practice occurred unless the charging party is prevented from filing within the statutory period. On July 17, 2007, the Director issued an administrative determination finding that all of Plaintiff's allegations except for his wrongful termination claim were outside the statute of limitations and that the circumstances did not justify an equitable tolling. The Director gave Plaintiff ten days to amend his wrongful termination claim to include an allegation that the City fired him for engaging in protected activity, that it violated a contract provision in terminating him or that the FMBA violated a duty of fair representation. (PERC Refusal to Issue Complaint dated October 12, 2007.) Plaintiff did not amend and instead appealed the Director's decision to PERC on the grounds that it left him without a forum to address the complained about practices. PERC sustained the Director's decision on December 20, 2007, finding that Plaintiff "awaited two court dismissals over a one year period before filing an unfair practice charge." Plaintiff's unfair practice charges were therefore dismissed. (See PERC Refusal to Issue Complaint dated October 12, 2007; PERC Decision dated December 20, 2007.) In its decision, the Commission noted that Plaintiff failed to "specify any actions within the six-month period before the charges were filed that might constitute an unfair practice."

Despite his statement to the Appellate Division that he "was not taking any further action," Plaintiff filed the Current Complaint on April 22, 2008 in the Superior Court of New Jersey, Law Division. Aside from the unsubstantiated federal claims against the City and the FMBA, Plaintiff asserts the same facts, issues and causes of action that he did in his First Complaint, Second Complaint, and unfair practice charges filed with PERC. Based upon the federal claims, the Defendants removed the Current Complaint to this court on August 11, 2008.

7

**DISCUSSION**

## I.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When analyzing a motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted) (reasoning this statement of Rule 12(b)(6) standard remains suitable following the U.S. Supreme Court's decision in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1964-65 (internal citations omitted).  When deciding a motion to dismiss, a court may consider the pleadings and attached exhibits "which [are] a part of the pleading for all purposes," Fed. R. Civ. P. 10(c); Dowdell v. University of Med. & Dentistry, 94 F. Supp. 2d 527, 529 (D.N.J. 2000)(citations omitted).

## II.  Count I

Count I of Plaintiff's Current Complaint alleges that Plaintiff was employed as a fireman for the City since April 2000 and that as a firefighter his employment was governed by a CBA between the City and the FMBA.   He further alleges that he sustained severe, now permanent, injuries when he fell off a fire truck on December 31, 2003.  He avers that the City breached the CBA when it failed to pay him sick days, vacation time and other time to which he claims he was legally entitled.  Plaintiff also claims he was a member of the FMBA, that as a member of

the FMBA the union had a duty to represent him in his contractual grievances with the City and that the FMBA failed in that duty.  Although in Count VI Plaintiff asserts a wrongful termination claim, Plaintiff also charges wrongful termination in Count I.  In Count I, he avers that he was terminated on April 26, 2007.  Furthermore, he alleges that the City and the FMBA conspired to deprive him of his rights and employment, that they failed to make accommodations for his disability yet have made accommodations for other injured City employees, and that he was unfairly and unequally treated by the City and the FMBA.  In sum, in Count I Plaintiff asserts a breach of contract and wrongful termination claim against the City, a failure to represent claim against the FMBA and a conspiracy claim against both defendants.  The Court will address the wrongful termination claims later in this opinion.

Defendants argue that Plaintiff's breach of contract, failure to represent, failure to accommodate, and conspiracy claims are barred by the principles of res judicata, collateral estoppel and New Jersey's Entire Controversy Doctrine.  They also maintain that PERC has exclusive power and jurisdiction to prevent and remedy unfair labor practices and that this Court therefore lacks subject matter jurisdiction over Plaintiff's Count I claims.

Plaintiff counters that Count I should not be dismissed on res judicata grounds because there has never been a full hearing on the merits. He argues that because his previous lawsuits were dismissed on procedural grounds they did not end in valid final judgments on the merits. Furthermore, he contends his Current Complaint is not barred since Judge Lehrer of the Chancery Division of the Superior Court of New Jersey dismissed his Second Complaint without prejudice and instructed Plaintiff that he could come back to New Jersey Superior Court if he could not get a PERC hearing or he "can't get what [he] need[s] there."  Transcript, T12:12-16; T19:8-10.  He also avers that since his prior lawsuits predate his termination, that res judicata is not a bar to his wrongful termination and retaliation claims.  Confusingly and incorrectly, he also

reasons that the Entire Controversy Doctrine does not apply to his Current Complaint because Defendants did not answer the complaint but instead filed motions to dismiss.

For Plaintiff's benefit, the Court will outline the preclusion doctrines.  Res judicata is an affirmative defense.  Such a defense is grounds for a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  "Res judicata encompasses two preclusion concepts - issue preclusion, which forecloses litigation of a litigated and decided matter (often referred to as direct or collateral estoppel), and claim preclusion, which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit." Bierley v. Dombrowski, 2009 U.S.App. LEXIS 2446 *6 (3d Cir. Feb. 3, 2009).

Collateral estoppel prevents parties or their privies from re-litigating an issue if a court possessing personal and subject matter jurisdiction has already delivered a valid, final judgment on the merits.  Witkowski v. Welch, 173 F.3d 192, 198-199 (3d Cir. 1999).  The doctrine applies if four requirements are met: "1) the issue sought to be precluded [is] the same as that involved in the prior action; 2) that issue [was] actually litigated; 3) it [was] determined by a final and valid judgment; and 4) the determination [was] essential to the prior judgment."  In re G-I Holdings Inc., 2003 U.S. Dist. LEXIS 16317 (D.N.J. 2003)(citations omitted). The purpose of the collateral estoppel doctrine is to promote judicial consistency, encourage reliance on court decisions, and protect defendants from being forced to repeatedly relitigate the same issues in multiple lawsuits. Allen v. McCurry, 449 U.S. 90, 94 (1980).

Res judicata, or claim preclusion, is a broader doctrine than collateral estoppel.  It applies not only to claims brought in a previous lawsuit, but also to claims which could have been brought in that suit.  The doctrine attaches if there has been (1) a final judgment on the merits in a previous lawsuit involving (2) the same parties or their privies and (3) a subsequent action based on the same cause of action.  Mullarkey v. Tamboer, 536 F.3d 215, 225 (3d Cir.

2008)(citations omitted).   Under New Jersey law, "[a] dismissal with prejudice 'constitutes an adjudication on the merits as fully and completely as if the order had been entered after a trial.'" Feinsod v. Noon,  261 N.J. Super. 82, 84, 617 A.2d 1234 (App. Div. 1992) (citations omitted). Res judicata and collateral estoppel also apply to parties in administrative proceedings, "particularly as to their findings of fact."   Hackensack v. Winner, 162 N.J. Super. 1, 24 (App.Div. 1978)(citations omitted).   If a res judicata "bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Rycoline Prods. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

The Entire Controversy Doctrine is New Jersey's own, distinctive application of res judicata principles.  It "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Kozyra v. Allen, 973 F.2d 1110, 1111 (3d Cir. 1992)(citations omitted).   The doctrine is meant to encourage a final, comprehensive adjudication of a legal controversy, provide fairness to all involved parties (including prospective parties), and preserve judicial resources by avoiding fragmented litigation.   Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 322 (1995). "It is the factual circumstances giving rise to the controversy itself, rather than a commonality of claims, issues or parties, that triggers the requirement of joinder to create a cohesive and complete litigation."  Id. at 323.   "While the wellspring of res judicata or collateral estoppel is the notion of finality of a court's adjudication, the entire controversy doctrine is designed to prevent the fragmentation of litigation and applies even when the first case adjudicates an issue different from the second."  Fioriglio v. City of Atlantic City, 963 F. Supp. 415, 420 (D.N.J. 1997).  New Jersey Courts apply the Entire Controversy Doctrine as a bar to a subsequent suit when there is some duplication of proof involved.   "For

11

instance...forcing the two claims to be brought at the same time 'would have resulted in a more comprehensive determination of the underlying legal controversy.'" Fields v. Thompson Printing Co., 363 F.3d 259, 266 (3d Cir. 2004) (quoting Mystic Isle, 662 A.2d at 531).

The Full Faith and Credit Act, 28 U.S.C. § 1738 (1994), obliges federal courts to apply New Jersey's Entire Controversy Doctrine when hearing federal causes of action.  Rycoline Prods., 109 F.3d at 887; Dowdell v. University of Med. & Dentistry, 94 F. Supp. 2d 527, 535 (D.N.J. 2000).  Under the Full Faith and Credit Act, "a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." Peduto v. North Wildwood, 878 F.2d 725, 728 (3d Cir. 1989)(citations omitted).

There are, however, exceptions to the Doctrine's application.  "The [D]octrine does not apply to bar component claims that are unknown, unarisen, or unaccrued at the time of the original action." Mystic Isle Dev. Corp., 142 N.J. at 323.  The Third Circuit has also held that "the entire controversy doctrine does not preclude the initiation of a second action before the first action has been concluded." Rycoline, 109 F.3d at 890.  The Entire Controversy Doctrine is codified in New Jersey Court Rule 4:30A.

Res judicata bars Plaintiff's Count I claims against the FMBA and the City as all three requirements have been met.  First, valid final judgments on the merits have been issued by both the Superior Court of New Jersey Law Division and PERC.  Plaintiff filed the Current Complaint after Judge Mullaney dismissed the Initial Complaint against the FMBA with prejudice. Plaintiff did not file a timely appeal of Judge Mullaney's decision.  Plaintiff argues that since there has been no adjudication based on the facts the decision is not on the merits. Plaintiff is in error. Neither an answer nor a trial is necessary for a judgment to be on the merits.  "A dismissal that is specifically rendered 'with prejudice' qualifies as an adjudication on the merits and thus carries preclusive effect."  Gimenez v. Morgan Stanley DW, Inc., 202 Fed. Appx. 583, 584 (3d

12

Cir. 2006). "An adjudication in favor of the defendants, by court or jury, can rise no higher than this." Phillips v. Shannon, 445 F.2d 460, 463 (7th Cir. Ill. 1971). However, it is unclear from the record whether Judge Mullaney dismissed Plaintiff's breach of contract claim against the City with prejudice.

Regardless of that fact, PERC's decision also has preclusive effect on Plaintiff's Count I claims. "The Legislature has accorded PERC 'exclusive power' to deal with unfair employer practices.[3]" Hackensack v. Winner, 82 N.J. 1, 43 (N.J. 1980); Del. River Port Auth. v. FOP, Penn-Jersey Lodge 30, (3d Cir. 200)("Under N.J. Stat. Ann. § 34:13A-5.2, New Jersey's PERC

---

[3]

Specifically, N.J.S.A. § 34:13A-5.4 provides, in pertinent part:

"a. Public employers, their representatives or agents are prohibited from:

* * *

(3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage employees in the exercise of the rights guaranteed to them by this act.

(4) Discharging or otherwise discriminating against any employee because he has signed or filed an affidavit, petition or complaint or given any information or testimony under this act.

* * *

c. The commission shall have exclusive power as hereinafter provided to prevent anyone from engaging in any unfair practice listed in subsections a. and b. above. Whenever it is charged that anyone has engaged or is engaging in any such unfair practice, the commission, or any designated agent thereof, shall have authority to issue and cause to be served upon such party a complaint stating the specific unfair practice charged and including a notice of hearing containing the date and place of hearing before the commission or any designated agent thereof; provided that *no complaint shall issue based upon any unfair practice occurring more than 6 months prior to the filing of the charge unless the person aggrieved thereby was prevented from filing such charge* in which event the 6-month period shall be computed from the day he was no longer so prevented."

N.J.S.A. § 34:13A-5.4 (emphasis added).

has exclusive jurisdiction over all labor matters.")  PERC had "exclusive jurisdiction" to hear Plaintiff's breach of contract, failure to represent, failure to accommodate claims and conspiracy claims.   Indeed, PERC has authority to "make policy and establish rules and regulations concerning employer-employee relations in public employment relating to dispute settlement, grievance procedures and administration." N.J.S.A. § 34:13A-5.2.   In addition, "PERC has exclusive jurisdiction over collective bargaining agreements."   <u>Woodstown-Pilesgrove Reg'l School Dist. Bd. of Ed.</u>, 164 N.J. Super 106, 108 (App.Div. 1978), <u>aff'd</u> 81 N.J. 582 (1980). PERC dismissed Plaintiff's breach of contract, conspiracy and failure to represent charges against the FMBA and the City as being outside the six month statute of limitations, which was a decision on the merits.  "[A] decision dismissing a case on the ground of statute of limitations is a decision on the merits." <u>Loving v. Pirelli Cable Corp.</u>, 11 F. Supp. 2d 480, 493 (D. Del. 1998); <u>see also</u> <u>Angel v. Bullington</u>, 330 U.S. 183, 190-91 (1947).[4]  If Plaintiff disagreed with PERC's

---

[4]  "[T]he primary purpose behind statutes of limitation is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend; another is to stimulate litigants to pursue their causes of action diligently and to prevent the litigation of stale claims. The prompt filing and expeditious   processing of charges are especially important in the volatile field of employer-employee relations. In addition to preserving the immediacy of the record, administrative celerity stabilizes existing bargaining relationships and inhibits the festering or aggravation of labor disputes." <u>Kaczmarek v. New Jersey Turnpike Authority</u>, 77 N.J. 329, 337-338 (N.J. 1978) (internal citations omitted).

decision, his proper remedy was to appeal that decision to the Appellate Division of the Superior Court, not file a new complaint.  <u>See</u>  N.J.S.A. § 34:13A-5.4(d).[5]

The Court notes that "[u]nder the [Employer-Employee Relations Act], a union has the exclusive right to represent the interests of public employees." <u>Farber v. City of Paterson</u>, 440 F.3d 131, 143 (3d Cir. 2006).  With that exclusive right, however, comes a duty to fairly represent union members.  Although courts in this circuit have held that PERC's "exclusive power" to hear unfair practice claims does not preempt a duty of fair representation claim at law, <u>Id.</u>, this Court re-iterates that Judge Mullaney dismissed Plaintiff's identical state law failure to represent claims against the FMBA with prejudice.  In addition, PERC, after reviewing the record, found Plaintiff failed to "specify any actions within the six-month period before the charges were filed that might constitute an unfair practice."  This Court must accord PERC's findings of fact sufficient weight. <u>See</u> N.J.S.A. § 34:13A-5.4(f); <u>Hackensack</u>, 162 N.J. Super. at 24.

As for the second <u>res judicata</u> requirement, Plaintiff's Current Complaint involves the FMBA and the City, or individuals in privity with the City.  These are the same parties Plaintiff sued in his Initial Complaint, his Second Complaint and are the parties against whom he filed unfair practice charges with PERC.

---

[5] N.J.S.A. § 34:13A-5.4(d) provides:

> The commission shall at all times have the power and duty, upon the request of any public employer or majority representative, to make a determination as to whether a matter in dispute is within the scope of collective negotiations. The commission shall serve the parties with its findings of fact and conclusions of law. Any determination made by the commission pursuant to this subsection *may be appealed to the Appellate Division of the Superior Court.*

Emphasis added.

Third, all the claims in Count I of Plaintiff's Current Complaint arise from the City's and the FMBA's response to Plaintiff's December 31, 2003 accident in which Plaintiff was allegedly severely injured.  It is undisputed that Plaintiff failed to appeal PERC's decision to the Appellate Division. This Court must give preclusive effect to PERC's decision and cannot allow Plaintiff to circumvent the process by filing a new complaint.  See N.J.S.A.  § 34:13A-5.4(d). Consequently, all of Plaintiff's Count I claims are dismissed with prejudice.[6]

The Court notes that PERC's decision came after Judge Lehrer's kind words to Plaintiff's attorney when he dismissed the Second Complaint without prejudice.  Plaintiff misconstrues these words.  Judge Lehrer was instructing Plaintiff to appeal PERC's decision if he "can't get what [he] need[s] there," not to file yet another new complaint.  Plaintiff appears to have followed Judge Lehrer's advice, but then mysteriously withdrew his appeal.  Res judicata, however, foils Plaintiff's plan to get a second bite at the apple by instituting a fresh claim here.

---

[6]  As previously noted, both Counts I and VI contain wrongful termination allegations.  It appears in Count I that Plaintiff is alleging retaliatory termination and in Count VI he is charging unlawful termination based on his disability. It is therefore difficult for the Court to discern exactly what Plaintiff is charging.  To the extent Plaintiff is alleging retaliatory termination, his claim is barred.  Plaintiff cannot deny he included the wrongful termination allegation in his unfair practice charges.  In fact, PERC gave Plaintiff ten days to amend his unfair practice charge to include an allegation that he was terminated for engaging in a protected activity, or that the employer violated a contract provision in terminating him or that the FMBA violated a duty of fair representation.  Since Plaintiff did not amend, his charges were dismissed.  However, in his opposition brief Plaintiff now alleges he was terminated for engaging in a protected activity. PERC had jurisdiction to hear Plaintiff's retaliatory termination claim and was Plaintiff's proper forum for this complaint.  "PERC has primary jurisdiction to determine whether a matter is within the scope of collective negotiations. No court is empowered to make this initial determination." Hunterdon Cent. High School Bd. of Education v. Hunterdon Cent. High School Teacher's Asso., 174 N.J. Super. 468, 472 (App.Div. 1980).  PERC stated that it had  jurisdiction to hear Plaintiff's wrongful termination claim if he was alleging he was fired for engaging in a protected activity.  Plaintiff's failure to amend to include this charge precludes him from resuming or repleading the wrongful termination claim contained in Count I because it could have been litigated along with his other unfair practice charges as it arose from the same transaction.

### III.  Counts II through VI

Although only some of Plaintiff's constitutional and statutory claims were available when he filed his Initial Complaint, all were certainly ripe when he amended his unfair practice charges.  In addition, these claims were related to the same facts and involved the same parties.

However, to apply the Entire Controversy Doctrine as a bar to Counts II through VI of Plaintiff's Current Complaint, this Court must first find that "a particular issue, although not litigated, could have been raised in an earlier proceeding."  United States v. Athlone Indus., Inc., 746 F.2d 977, 983-84 (3d Cir. 1984). Therefore, the Court must determine whether PERC had jurisdiction to hear Plaintiff's Age Discrimination (Count II), Equal Protection (Counts III and VI), New Jersey Law Against Discrimination (Count IV), Title VII (Count V), and Wrongful Termination (Count VI) claims.  As a preliminary matter, in his opposition brief, Plaintiff dismissed his age discrimination claim (Count II) as he is not 40 years of age.  In addition, although Plaintiff asserts violations of the Americans with Disabilities Act ("ADA") and Family Medical Leave Act ("FMLA") in his opposition brief, he does not allege these violations in his Current Complaint.  Therefore, the Court need not entertain these claims.  See Taveras v. Resorts Int'l Hotel, Inc., 2008 U.S. Dist. LEXIS 71670, at *20 n.7 (D.N.J. Sept. 19, 2008) (Plaintiff "may not amend a complaint through [] briefs to the Court");Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("[T]he proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)"); Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996).

"PERC can only remedy discrimination regarding the exercise of rights guaranteed by the New Jersey Employer-Employee Relations Act ("EERA"), N.J.S.A. §§ 34:13A-1 to 13A-21." Fioriglio v. City of Atlantic City, 963 F. Supp. 415, 424 (D.N.J. 1997).  "PERC has a well-established practice of refusing to hear constitutional claims except insofar as they relate to

statutory claims properly before it under the Act." Kelly, 107 F.3d at 1079.   Indeed, PERC's jurisdiction does not extend to resolving federal constitutional claims unless such a resolution is necessary to resolve statutory claims properly before it.  In addition,"[i]f the plaintiffs could not have asserted both state and federal claims in a single forum, it would be unfair to force them to sacrifice the claims that could not be so asserted in order to bring a single action in one forum." Watkins v. Resorts Int'l Hotel & Casino, 591 A.2d 592, 599 (N.J. 1991).  In applying the Entire Controversy Doctrine "to administrative agencies, their potential for achieving sound results must be tempered by a full appreciation of an administrative agency's statutory foundations, its executive nature, and its special jurisdictional and regulatory concerns."   Hackensack v. Winner, 82 N.J. 1, 29 (N.J. 1980).  This Court finds the Entire Controversy Doctrine does not preclude the claims in Counts II through VI.  First, the initial proceeding occurred before PERC, which is a "lesser tribunal" than a United States District Court. See Petrocelli v. Daniel Woodhead Co., 993 F.2d 27, 29 (3d Cir.1993).    Second, the evidence necessary to support Plaintiff's discrimination claims is different from the evidence necessary to support Plaintiff's breach of contract, failure to represent, conspiracy and retaliatory termination claims contained in Count I. Third, PERC did not have exclusive jurisdiction to hear Counts II through VI because the claims were not within the scope of collective negotiations as these statutory and constitutional claims may not be bargained away.  "A matter which is not legally negotiable in the first place cannot be arbitrable." Ridgefield Park Ed. Ass'n v. Ridgefield Park Bd. of Ed., 78 N.J. 144, 160 (1978); see also, Hunterdon Cent. High School Bd. of Education v. Hunterdon Cent. High School Teacher's Asso., 174 N.J. Super. 468, 472 (App.Div. 1980)("[I]nterpreting matters of constitutional law is not within [PERC's] area of expertise"); Bowman v. Pennsauken, 709 F. Supp. 1329, 1335 (D.N.J. 1989)("a plaintiff is not required to resort to state administrative procedures before bringing an action pursuant to § 1983.")

18

Although Counts II through VI are not barred by the Entire Controversy Doctrine, Plaintiffs' claims against the FMBA must still be dismissed for failure to state a claim as these are charges that must be brought against an employer, not a union.  Counts II through VI against the FMBA are therefore dismissed with prejudice.

In addition, Counts II through VI against the City must also be dismissed for failure to state a claim as Plaintiff has not put the City on notice as to the grounds of his allegations. Counts II through VI are bare legal conclusions devoid of any factual support. These counts therefore do not comply with Fed. R. Civ. P. Rule 8(a) as Plaintiff fails to set forth "a short and plain statement of the claims showing that the pleader is entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)(citations omitted).    Indeed, Plaintiff seems to have thrown the kitchen sink into his Current Complaint, which is replete with errors and leaves the Court to conjecture what Plaintiff is actually alleging.

Specifically, Count III alleges "Defendants violated Plaintiff's Civil Rights protected by the Civil Rights Act of 1871 (sic).  42 U.S.C.A. § 1983."  However, Plaintiff does not allege he is a member of a protected class, but instead claims that the City arbitrarily treated him differently than other injured employees.  The Supreme Court in Engquist v. Or. Dep't of Agric., 128 S. Ct. 2146 (2008) recently held that "the class-of-one theory of equal protection does not apply in the public employment context." Id. at 2151.  Plaintiff therefore fails to state a claim.

Count IV alleges a violation of LAD, yet fails to set forth a basis for this claim.  To the extent Plaintiff is alleging a failure to accommodate, see Tynan v. Vicinage 13 of the Superior Court of N.J., 351 N.J. Super 385 (App. Div. 2002),  Plaintiff fails to set forth the basis for his complaint and merely states a legal conclusion that "Defendants violated Plaintiff's right under the Law Against Discrimination statute, N.J.S.A. 10:5-1, et seq."  Plaintiff attempts to clarify his position in his opposition brief by stating that "the City has accommodated persons with

19

disabilities, including firefighters by providing them with light duty work until they had an opportunity to complete treating and have their injuries resolved or a doctor tell them that they are no longer able to work."  This clarification cannot save Plaintiff's deficient claim.   "To succeed on a failure to accommodate claim, a plaintiff must show that he made his employer aware, if only in plain English, of his need for a reasonable accommodation for a handicap and that the employer failed to engage in a search for an accommodation." White v. UPS, 2008 U.S. Dist. LEXIS 61079 at *12 (D.N.J. Aug. 4, 2008).   Plaintiff fails to pled any of these requirements and therefore fails to state a claim.

Plaintiff's Title VII claim contained in Count V fail to set forth his status in any of the protected classes, which generally include gender, race, color, religion and national original. Although "there is a low bar for establishing a *prima facie* case of employment discrimination," Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 538 (3d Cir. 2006), Plaintiff fails to even get off the ground as he has not alleged he is a member of any protected class.  In addition, "Title VII requires an aggrieved party to file, within 180 days of the alleged discriminatory practice, a charge with the Equal Employment Opportunity Commission and receive a 'right to sue' letter before bringing an action against the respondent named in charge. 42 U.S.C.S. § 2000e-5."  Ditzel v. University of Med. & Dentistry, 962 F. Supp. 595 (D.N.J. 1997).  In Ditzel, the Court dismissed plaintiff's complaint because plaintiff failed to allege filing a charge with either the EEOC or a state agency.  Here, Plaintiff has failed to allege he has received a right to sue letter.  Plaintiff's Count V claim against the City is therefore dismissed.

Finally, to the extent Plaintiff is asserting a wrongful termination claim pursuant to LAD, which he failed to identify, Count VI also does not satisfy the pleading standard of Fed. R. Civ. P. 8(a) as he fails to set forth what actions the City took or failed to take that allegedly violated

his civil rights.  Plaintiff cannot assert bare legal conclusions but must allege facts sufficient to raise a right to relief above a speculative level. Phillips, 515 F.3d at 233.  In addition, "[a] basic requirement of the wrongful discharge cause of action is that the mandate of public policy be clearly identified and firmly grounded."  Macdougall v. Weichert, 144 N.J. 380, 391 (1996). Plaintiff fails to state which public policy is implicated.

For the reasons stated above, Plaintiff's claims against the FMBA are hereby dismissed with prejudice as are Plaintiff's breach of contract, conspiracy and retaliatory termination claims against the City.  Plaintiff's Counts II through VI claims against the City are dismissed without prejudice. However, this Court cautions Plaintiff that his inartfully pled claims have squandered valuable judicial resources in three different courts.  Now in federal court, Plaintiff's thinly veiled attempt to save his already adjudicated Count I claims by asserting additional federal claims is unavailing.  Therefore, Plaintiff's Current Complaint is dismissed.  In the event Plaintiff files a new complaint and it is determined that the claims are without merit, the Court will entertain a motion for sanctions.

DATE: March 19, 2009

　　　　　　　　　　　　　　　 /s/ Freda L. Wolfson
　　　　　　　　　　　　　　　Freda L. Wolfson, U.S.D.J.